Abel **MORELOS–DIAZ**; Maria Elena **Reyes–Zarate, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75547.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 21, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Abel Morelos–Diaz, Vallejo, CA, pro se.

Maria Elena Reyes–Zarate, Vallejo, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., Stacy S. Paddack, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Abel Morelos–Diaz and Maria Elena Reyes Zarate, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' adoption and affirmance of an immigration judge's decision denying cancellation of removal for failure to establish exceptional and extremely unusual hardship to the petitioners' two United States citizen children, as required by 8 U.S.C. § 1229b(b)(1)(D). They contend that they were denied due process when the Board applied an incorrect hardship standard and when the immigration judge misstated the evidence and failed to consider all of the evidence of hardship. We dismiss the petition for review.

Although 8 U.S.C. § 1252(a)(2)(B)(i) deprives us of jurisdiction to review the agency's discretionary hardship determination, we retain jurisdiction to consider colorable due process claims. *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005).

The petitioners contend that the Board applied an incorrect hardship standard because unlike in the cases it cited, the petitioners' children are teenagers and one of them had a medical problem not properly treated in Mexico. This is a disagreement with the Board's application of legal standard to the facts of the petitioners' case and is not a colorable due process claim. *See id.* at 930.

The petitioners contend that the immigration judge assumed facts not in

evidence regarding one child's school performance and activities and misstated the evidence regarding the other child's medical treatment. They also contend that the immigration judge failed to consider all of the evidence, but they do not explain what evidence was not considered. We disagree that the immigration judge misstated the evidence regarding medical treatment in Mexico and school performance. The misstatement regarding extracurricular activities could not have affected the outcome of the case. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). This due process claim also is not colorable, and we therefore dismiss the petition for review for lack of jurisdiction. *See Martinez–Rosas,* 424 F.3d at 930.

**PETITION FOR REVIEW DISMISSED.**